No. 4386.

Court of Appeal, Parish of Orleans.

## HIDDLESTON KENNER VS. PASQUALE SCRAMMUZZA.

The sale of a thing belonging to another is null and the thing cannot be alienated pending the action so as to prejudice the right of the claimant.

Appeal from Civil District Court, Division "B."

H. Kenner, for Plaintiff and Appellant.

Dinkelspiel, Hart and Davey, for Defendant and Appellee.

DUFOUR, J.    The plaintiff appeals from a judgment refusing to make absolute a rule on the Civil Sheriff to order him to excute and deliver to plaintiff an act of sale pursuant to an adjudication in execution of a judgment in favor of the plaintiff.

The latter obtained a judgment aginst Scrammuzza and then brought suit against one Schiro to annul as a fraudulent simulation the sale of certain real estate by Scrammuzza to Schiro, and to subject it to his judgment.    After obtaining judgment avoiding the transfer, Kenner seized the property, had it sold and bought it in at the execution sale.

On a devolutive appeal to this Court we held that the judgment under which execution had issued was void and also that the property belonged to Shiro.

Be that judgment correct or erroneous, it is final and is the law between the parties.

Appellant rests his case on the legal proposition that a purchaser whether he be the, judgment creditor or a third person, acquires full title to the property sold by the sheriff in execution of a judgment, even though the judgment be reversed on appeal.

This proposition is undoubtedly supported by jurisprudence, but it is not applicable to a case like this.

Here the codal provisions must prevail, which declare that the sale of a thing belonging to another is null and that the thing cannot be alienated pending the action so as to prejudice the

right of the claimant.    R. C. C. Arts. 2452-2453.

When Kenner bought the property he, as creditor in execution, had full knowledge of the circumstances and was a party to the suit in which Schiro's appeal was pending and which involved the ownership of the property.

It would be unconscionable for us to ignore our own judgment and order the sheriff to make title in favor of Kenner in satisfaction of his judgment against Scrammuzza to property which we have decreed to belong to Schiro.

If, in compliance with trivial technicalities we committed the legal absurdity of granting mover's prayer, we should merely be causing multiplicity of suits, as Schiro's right to a *restitution ad intcgrum* may not be doubted under the circumstances of this case.

Judgment affirmed.

April 6, 1908.

Rehearing refused April 20, 1908.

Writ refused May 13, 1908.